

Joshua Trigsted
Oregon State Bar ID Number 06531
Weisberg & Meyers, LLC
11934 SW Sagehen St.
Beaverton, OR 97007
503 376 6774, ext. # 216
866 565 1327 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JEANINE GALLAWAY,** | Case No.: CV '08--584-AC |
| Plaintiff, | **COMPLAINT;** |
| vs. | FAIR DEBT COLLECTION PRACTICES ACT (15 USC 1692) ; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |
| **ALLIED INTERSTATE, INC.,** | |
| Defendant | DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

    (1) The federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "F.D.C.P.A.").

    (2) Intentional Infliction of Severe Emotional Distress.

Complaint - 1

## II. JURISDICTION

2. The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331. This court has supplemental jurisdiction over the Oregon State claim pursuant to 28 USC § 1367(a).

## III. PARTIES

3. Plaintiff, Jeanine Gallaway ("Plaintiff"), is a natural person residing in Clackamas County, Oregon.

4. Defendant, Allied Interstate, Inc. ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. At various times within the last 365 days, Defendant contacted Plaintiff and several other individuals by telephone in an attempt to collect an outstanding debt allegedly owed by Plaintiff. During the course of these telephone conversations, Defendant performed the following acts, which amount to violations under various federal and state laws:

    a) Defendant communicated, for purposes other than obtaining location information, with the same third parties multiple times in connection with

collection of an alleged debt from Plaintiff, including repeated calls to the payroll department of Plaintiff's employer (§ 1692c(b) & § 1692b(a)(1)(2)(3) (Violated FDCPA: 15 USC §§ 1692c(b) & 1692b(1)(2)(3);

b) During one particular call, which took place with the thirty-day statutory notice period established by 15 USC § 1692g, Defendant overshadowed 1692g notices by threatening to request garnishment of Plaintiff within the thirty-day statutory notice period established by 15 USC § 1692g. This threat was made before the Plaintiff received proper written notification of the 1692g(a) notices. (Violated FDCPA: 15 USC § 1692g(b));

c) Defendant threatened to request garnishment from Plaintiff's employer, while failing to mention in that context that Defendant had not yet obtained a judgment, and had not yet given Plaintiff any notices required prior to obtaining an administrative garnishment. In doing so, Defendant threatened to take an action that it did not actually intend to take and threatened to exercise a right against Plaintiff's property to which it did not have a present right (§ 1692e(5) & § 1692f(6)(A));

9.  As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10. Defendant intended to cause, by means of the actions detailed in paragraph 7, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's action, detailed in paragraph 7, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12. Defendant's actions, detailed in paragraph 7, constituted an extraordinary transgression of the bounds of socially tolerable conduct.

13. To the extent Defendant's actions, detailed in paragraph 7, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

## COUNT II: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy in the context of Defendant's actions that was objectively reasonable under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the F.D.C.P.A.

B. Actual damages pursuant to 15 USC 1692k and the Common Law of Oregon;

C. Statutory damages pursuant to 15 U.S.C. § 1692k and punitive damages pursuant the Common Law of Oregon.

D. Punitive Damages.

E. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k and the Common Law of Oregon; and,

F. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 9th day of May, 2007,

By: _____
Joshua Trigsted
Weisberg & Meyers, LLC
11934 SW Sagehen St.
Beaverton, OR 97007
503 376 6774, ext. # 216
866 565 1327 facsimile
Attorney for Plaintiff